## TRADESMENS NATIONAL BANK OF OKLAHOMA CITY v. OKLAHOMA TAX COMMISSION.

No. 29155.   Oct. 17, 1939.

Rehearing Denied Nov. 7, 1939.

Spiers & Bodovitz, of Oklahoma City, for plaintiff in error.

Dick Jones, A. L. Herr, C. D. Stinchecum, and Rowe Cook, all of Oklahoma City, for defendant in error.

OSBORN, J. This action was instituted in the district court of Oklahoma county by the Tradesmens National Bank, herein-

after referred to as plaintiff, against the Oklahoma Tax Commission, hereinafter referred to as defendant, wherein it was sought to recover certain taxes paid by plaintiff under protest. The cause was tried to the court, a judgment was entered in favor of defendant, and plaintiff has appealed.

The tax involved herein was assessed against plaintiff under the provisions of section 16, art. 6, chap. 66, Session Laws 1935. The income against which the tax was levied consisted of dividends on stock owned by plaintiff in the Federal Reserve Bank and interest received by plaintiff on bonds or securities issued by the United States Government.

For reversal plaintiff submits the following propositions:

"1. House Bill No. 192, article 6, chapter 66, Session Laws of 1935, is unconstitutional as being violative of article 5, section 57, of the Oklahoma Constitution.

"2. The 1935 Oklahoma Income Tax Law is unconstitutional as being discriminatory under the Constitution of the State of Oklahoma.

"3. The 1935 Oklahoma Income Tax Law is unconstitutional as being violative of the Fourteenth Amendment to the United States Constitution.

"4. The 1935 Oklahoma Income Tax Law is unconstitutional as being a direct tax on the income from obligations and securities of the United States.

"5. The 1935 Oklahoma Income Tax Law violates the letter and spirit of section 5219, Revised Statutes of the United States."

Under plaintiff's first proposition it is argued that the act levies an income tax against national banking associations which purpose and intent is not disclosed in its title. The applicable portion of the title is as follows:

"* * * An annual tax on National Banking Associations, State Banks and Trust Companies, according to or measured by their net incomes authorized by Method Four (4) of Section 5219, U. S. Revised Statutes as Amended, relating to National Banking Associations. * * *"

The tax levied by the act involved herein is not an income tax, but is a franchise tax measured by net income. The levy of such tax is specifically authorized by section 5219, U. S. Revised Statutes, title 12, section 548 U. S. C. A. The language used in the title is amply sufficient to designate the levy of a tax of this character.

The other propositions relied upon for reversal were presented to this court in the case of First National Bank of El Reno v. Oklahoma Tax Commission, 185 Okla. 98, 90 P.2d 438, and were determined contrary to the contentions of plaintiff. It appears that all of the arguments presented by plaintiff were before the court in that case. Therein it was held:

"Section 16, article 6, chapter 66, p. 297, Session Laws 1935, 68 Okla. St. Ann. § 887, providing for the taxation of national banking associations, which levies a tax 'according to or measured by', the net income of such associations, constitutes a valid and binding exercise of the taxing power of the state notwithstanding further provisions of the act, providing that such income shall include 'the interest upon the obligations of the United States, or its possessions, or upon securities issued under the authority of an Act of Congress, the income of which is tax free.'

"The state is not obliged to apply the same system to the taxation of national banks that it uses in the taxation of other property, provided no injustice, inequality or unjust discrimination is inflicted upon them."

It would serve no useful purpose to reiterate the discussion contained in that opinion.

The judgment is affirmed.

WELCH, V. C. J., and RILEY, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. BAYLESS, C. J., absent.